IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKY EDWARD DOTSON,

        Plaintiff,        Civil No. 05-6004-TC

        v.        FINDINGS AND
                RECOMMENDATION
LANE COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff filed a complaint alleging that the Lane County District Attorney's Office, Lane County District Attorney Douglas Harcleroad and Deputy District Attorneys Carol Chadwick and Alex Gardner violated his constitutional rights during the course of a dissolution of marriage proceeding in Lane County Circuit Court. Plaintiff alleges that defendants failed to take certain actions in violation of the United States Constitution, the Oregon Bill of Rights and Oregon

1 - FINDINGS AND RECOMMENDATION

State law. Specifically, plaintiff complains that defendants failed to respond to plaintiff's alleged violations of law and ethics by public officials, prosecutors, judges and member of the public and misused their position in connection with proceedings to garnish plaintiff's wages for the payment of child support.[1]

All of plaintiff's claims regarding the Lane County District Attorney's Office, Harcleroad, Chadwick and Gardner involve the handling of plaintiff's child support order from the dissolution case and failure to prosecute public officials, prosecutors, judges and others that plaintiff alleged violated the law or breached their official duties. Plaintiff seeks damages for emotional distress, punitive damages and attorney fees.

Defendants now move to dismiss (#5).

The Supreme Court has repeatedly stated that a state or state officials and agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the states. See, Quern v.

---

[1] Plaintiff has litigated these matters extensively in the Oregon State courts and is subject to a "Vexatious Litigant Order" (pre-filing restraint order) in Dotson v. Velure, Civ. Case No. 03-6379-TC.

2 - FINDINGS AND RECOMMENDATION

Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651 (1983); Pennhurst State School and Hospital v. Halderman, 465 U.S. (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Electric Co-Op, 951 F.2d 1050 (9th Cir. 1991).

The Lane County District Attorney's Office is an agency or subdivision of the State of Oregon. See, Jervis v. Marion County Dept. of Corrections, 2002 U.S. Dist LEXIS 473. Therefore, plaintiff's claims against the "Lane County District Attorney's Office" are barred by the Eleventh Amendment.

State employees acting in their official capacities are also immune from liability because such suits are not "against the official but rather *** against the official's office" and, therefore, "no different than a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); see also, Romano v. Bible, 169 F.3d 1182, 1185, cert. denied. 528 U.S. 816 (9th Cir. 1999). Therefore, to the extent that plaintiff may seek to hold the individual defendants liable in their official capacities, defendants are immune from liability under the Eleventh Amendment.

In addition, prosecutors are absolutely immune from liability for their prosecutorial functions or performance of

3 - FINDINGS AND RECOMMENDATION

duties intimately associated with the judicial process. <u>Burns v. Reed</u>, 500 U.S. 478, 486 (quoting <u>Imbler v. Pacthman</u>, 424 U.S. 409, 431 (1976)); <u>Freeman v. Hittle</u>, 708 F.2d 443 (9th Cir. 1983); <u>Gobel v. Maricopa COunty</u>, 867 F.2d 1201 (9th Cir. 1989). Prosecutors are entitled to absolute immunity from liability for acts taken in initiating a prosecution and presenting the state's case." <u>Babcock v. Tyler</u>, 884 F.2d 497, 501 (9th Cir. 1989). Absolute immunity extends to a prosecutor's decision not to prosecute as well. See <u>Roe v. City and County of San Francisco</u>, 109 F.3d 578 (9th Cir. 1997).

In this case, all of plaintiff's allegations have to do with defendants prosecutorial functions in connection with plaintiff's dissolution proceeding in Lane County Circuit Court or the exercise of prosecutorial discretion not to "prosecute" others accused by plaintiff of official malfeasance. Therefore, defendants Harcleroad, Chadwick and Gardner are absolutely immune from liability to plaintiff.

Based on the foregoing, I find that plaintiff federal claims against the defendants fail to state a claim and should be dismissed.

When a federal claim is dismissed before trial, the supplemental state law claims may be dismissed (without prejudice) as well. 28 U.S.C. § 1367(c)(3). Most courts hold that whether to dismiss supplemental claims is fully

4 - FINDINGS AND RECOMMENDATION

discretionary with the district court. See, Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir. 1991). The Ninth Circuit has held that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary" circumstances justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529 (9th Cir. 1981).

There are no extraordinary circumstances that justify this court retaining jurisdiction over plaintiff's state law claims. Therefore, plaintiff's claims under the "Oregon Bill of Rights," the state constitution and state statutes should be dismissed (without prejudice).

Defendants' Motion to Dismiss (#4) should be allowed. Plaintiff's federal claims against all defendants should be dismissed with prejudice; plaintiff's ancillary or supplemental state law claims should be denied without prejudice. This action should be dismissed.

DATED this 19 day of May, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge